FILED
2018 Nov-30 PM 05:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **WILLIAM DALE BRAMLETT,** | } |
| Plaintiff, | } |
| v. | } Case No.: 5:17-cv-1371-MHH-SGC |
| **JEFFERSON S. DUNN, et al.,** | } |
| Defendants. | } |

## MEMORANDUM OPINION

*Pro se* plaintiff William Dale Bramlett filed this civil rights action against defendants ADOC Prison Commissioner Jefferson S. Dunn and Warden Christopher Gordy. (Doc. 1, p. 10). Mr. Bramlett asked the Court to allow him to proceed without prepaying the filing fee for his action. (Doc. 2). The magistrate judge assigned to this case granted Mr. Bramlett's *in forma pauperis* request. (Doc. 3, p. 1).

Consistent with 28 U.S.C. § 636(b)(1), 28 U.S.C. § 1915A, and this Court's customary practices, the magistrate judge screened Mr. Bramlett's complaint. (Doc. 17, p. 1). On July 27, 2018, the magistrate judge recommended that the Court dismiss this action without prejudice because Mr. Bramlett has failed to state a federal claim upon which relief may be granted. (Doc. 17, p. 9). The magistrate judge also recommended that the Court dismiss any state law claims without

prejudice pursuant to 28 U.S.C. § 1367(c). (Doc. 17, p. 9). The magistrate judge advised Mr. Bramlett of his right to file written objections within 14 days. (Doc. 17, pp. 9-10).

Before the magistrate judge issued her report, on April 3, 2018, Mr. Bramlett notified the Court of his change of address to the Easterling Correctional Facility located in Clio, Alabama. (Doc. 16, p. 1). The Postal Service returned the report and recommendation mailed to Mr. Bramlett at that address as undeliverable. (Doc. 18). The Court's research indicated that Mr. Bramlett was not an Easterling inmate but instead was in custody at the Louisville Metro County Jail. (Doc. 19, p. 2).

When the undersigned reviewed the record in this case, it was unclear whether Mr. Bramlett ever received the magistrate judge's report and recommendation. Therefore, on November 14, 2018, the Court asked the Clerk to please resend the report to Mr. Bramlett and gave him an additional 14 days to object. (Doc. 19, p. 2). The Court asked the Clerk to please mail a copy of the report to Mr. Bramlett at both his Easterling and Louisville addresses. (Doc. 19, pp. 2-3). The Postal Service returned Mr. Bramlett's Easterling mail as undeliverable on November 28, 2018. (Doc. 20). The Postal Service has not returned Mr. Bramlett's Louisville mail.

Mr. Bramlett's second deadline to object to the report has passed. To date, Mr. Bramlett has not objected to the magistrate judge's report and recommendation, and Mr. Bramlett has not requested additional time from the Court in which to object.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Based on its review of the record in this case, the Court finds no misstatements of law in the report and no plain error in the magistrate judge's factual findings. Therefore, the Court adopts the magistrate judge's report and accepts her recommendation.

The Court will issue a separate dismissal order consistent with this memorandum opinion.

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

**DONE** and **ORDERED** this November 30, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE